IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, # 285447, ) | C/A No. 3:12-377-JFA-KDW |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| Margaret B. Seymour, ) | |
| Defendant. ) | |

This is a civil action filed pro se by a state prison inmate.[1] Plaintiff is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina. In the Complaint submitted in this case, Plaintiff alleges that Defendant, Chief Judge Seymour of this court, violated his federal constitutional right to due process when she ruled that a "complaint" seeking declaratory judgment under 28 U.S.C. § 2201 that he filed and that was docketed on November 1, 2011, as the initial pleading in *Abebe v. United States*, Civil Action No. 0:11-2966-MBS-PJG, should be treated as a motion to vacate his federal conviction in *United States v. Abebe*, Criminal Action No. 3:09-251-MBS, pursuant to 28 U.S.C. § 2255 ("motion to vacate"). *See* ECF No. 8 in Civil Action No. 0:11-2966 (C.J. Seymour's order ending that civil action and directing Plaintiff's "complaint" be considered motion to vacate in his criminal case). The "complaint" Plaintiff submitted that was initially filed as a complaint in Civil Action No. 0:11-2966 included many claims about the manner in which Plaintiff's criminal case was handled and prosecuted and sought vacation of his conviction

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Local Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and sentence. Pursuant to Chief Judge Seymour's order, Civil Action No. 0:11-2966 was closed on November 21, 2011, and Plaintiff's "complaint" was filed in his criminal case as an initial § 2255 motion. *See* ECF No. 138 in Criminal Action No. 3:09-251.

During December 2011, Plaintiff filed post-trial motions in Civil Action No. 0:11-2966, asking Chief Judge Seymour to change her order of closure and to consider his "complaint" in that case on the merits. Both of those motions were denied. *See* ECF Nos. 11, 13, 17 in Civil Action No. 0:11-2966. In an order filed February 7, 2012 in Criminal Action No. 3:09-251 (ECF No. 142), the court gave Plaintiff 20 days within which to amend or withdraw the motion to vacate should he choose to do so. If he did not amend or withdraw the motion to vacate, the court informed Plaintiff it would consider that motion on its merits as submitted on October 28, 2011. *See* ECF No. 142 in Criminal Action No. 3:09-251 at 2. As of the date of this report and recommendation, Plaintiff has not filed anything in his criminal case regarding the motion to vacate.

Rather than file an appeal to the Fourth Circuit upon the closing of Civil Action No. 0:11-2966 or amending/withdrawing the motion to vacate now pending in his criminal case, it appears that Plaintiff decided to begin another civil action by submitting the Complaint under review in this report and recommendation.[2] In this Complaint, Plaintiff alleges that Chief Judge Seymour's rulings

---

[2] Plaintiff cites several federal statutes as the basis for this Court's subject matter jurisdiction over this case. However, because Chief Judge Seymour is a federal official against whom claims of violation of federal constitutional rights are asserted, Plaintiff's Complaint is actually one filed under the *Bivens* Doctrine. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

2

in Civil Action No. 0:11-2966 were incorrect and violated allegedly binding precedent. Accordingly, Plaintiff complains that Chief Judge Seymour's purportedly incorrect legal rulings violated his federal constitutional rights as a court litigant. He seeks monetary damages and injunctive and declaratory relief. *See* ECF No. 1.

## **Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean

3

court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

**Analysis**

The Complaint filed in this case against Chief Judge Seymour is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (finding absolute immunity appropriate for magistrate in suit by an inmate); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (immunity presents a threshold question that should be resolved

before discovery is allowed); *Burns v. Reed*, 500 U.S. 478, 492 (1991) ("The safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct.") (internal citation and quotation omitted); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting absolute immunity "is an *immunity from suit* rather than a mere defense to liability[.]") (emphasis in original).

Here, Chief Judge Seymour was performing her duties as a sitting federal judge acting with proper subject-matter jurisdiction when she made the rulings in Civil Action No. 0:11-2966 of which Plaintiff now complains. As a result, her rulings do not give rise to any viable *Bivens* claims against her and in favor of Plaintiff, a disgruntled litigant. It is well settled that a judge cannot be found to have violated a litigant's constitutional rights by making judicial rulings with which one or more litigants disagree, and that the correct "remedy" for such disagreements is by way of appeal to the appropriate appellate court, not through a private *Bivens* action against the presiding judge. *See Vincent v. United States*, No. 09-881C, 2010 WL 2505640, * 5 (Fed. Cl. June 18, 2010) (citing *In re Comp of Jud. Misconduct*, 12 Cl. Ct. 763, 764 (1987) and *Joshua v. United States*, 17 F. 3d 378, 380 (Fed. Cir. 1994)). Review of this court's docket discloses that Plaintiff was specifically informed of the doctrine of absolute judicial immunity in connection with the outcome of at least one of his numerous prior civil actions in this court: *Abebe v. Perry*, Civil Action No. 0:09-3131-MBS (appeal dismissed as "frivolous").[3] As a result, Plaintiff should be held responsible for knowing that Chief Judge Seymour cannot be sued because of her judicial rulings. The Complaint knowingly filed in this case against an obviously immune Defendant should be

---

[3]*See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting district court appropriately took judicial notice of its files and records).

5

summarily dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B).

### **Recommendation**

Accordingly, it is recommended that the court dismiss the Complaint in this case *with prejudice*. *See Denton v. Hernandez*, 504 U.S. 25; *Neitzke v. Williams*; 490 U.S. at 324-25; *Haines v. Kerner*, 404 U.S. 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*, 595 F.2d 948; *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (indicating, as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The Complaint filed in this case fails to state any claim on which relief may be granted against an immune defendant and is frivolous, making 28 U.S.C. § 1915A(b)(1) applicable in this case. Accordingly, the undersigned also recommends this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009) (finding dismissals with prejudice of complaints found to be frivolous pursuant to 28 U.S.C. § 1915A(b)(1) were type considered "strikes" pursuant to 28 U.S.C. § 1915(g)).

IT IS SO RECOMMENDED.

*[Signature]*

February 23, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**Plaintiff is directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).