IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, #276817, ) | C.A. No.: 3:12-377-JFA-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Margaret B. Seymour, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon Plaintiff Unula Boo Shawn Abebe's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court dismiss his Complaint with prejudice. For the reasons set forth below, the court adopts the Magistrate's report, overrules the Plaintiff's objections, and dismisses the Complaint with prejudice.

## BACKGROUND

Plaintiff is an inmate currently incarcerated at the Perry Correctional Institution in Pelzer, South Carolina. This civil action is before the court pursuant to Plaintiff's Complaint naming the Honorable Margaret B. Seymour, Chief United States District Judge of this court, as the defendant. The Complaint in this action alleges that Chief Judge Seymour violated Plaintiff's constitutional right to due process when she treated a filing in Civil Action No. 0:11-cv-2966—which Plaintiff labeled a complaint—as a motion to vacate the sentence he received in *Abebe v. United States*, Criminal Action No. 3:09-251-MBS. Chief Judge Seymour treated that "complaint" as a motion to vacate or

set aside his conviction pursuant to 28 U.S.C. § 2255, filed the motion in Plaintiff's criminal case, and closed the new action Plaintiff had filed (Civil Action No. 0:11-cv-2966).

Plaintiff subsequently filed post-trial motions in Civil Action No. 0:11-cv-2966 seeking reconsideration, and Chief Judge Seymour denied those motions. Plaintiff, at the time of this order, has yet to file any pleadings relating to the motion to vacate in his criminal case. Plaintiff, rather, chose to file the instant Complaint naming Chief Judge Seymour as defendant, which was transferred to this court. *See* 28 U.S.C. § 455(b)(5)(i) (requiring that a judge recuse herself where she is a party to the proceeding). In his complaint, Plaintiff seeks monetary damages as well as injunctive and declaratory relief. The Magistrate Judge assigned to this case has filed an R&R recommending that the court dismiss the Complaint with prejudice. Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD OF REVIEW

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1).

From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Magistrate Judge recommends that this court dismiss the Complaint with prejudice because it is barred by the doctrine of judicial immunity. Judicial immunity is absolute immunity, and judges are shielded from liability for actions taken in their judicial capacity, unless the action is "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam) (citing *Forrester v. White*, 484 U.S. 219, 227–28 (1988)); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citations omitted)). If proper jurisdiction exists, judicial immunity bars suit regardless of the nature of the judge's decision. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' (quoting *Bradley v. Fisher*, 80 U.S. 335, 341 (1871))).

3

Judicial immunity provides "immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

The Magistrate Judge determined that judicial immunity applies in this case and recommends that the court dismiss Plaintiff's Complaint. Chief Judge Seymour was sitting with proper subject-matter jurisdiction as a federal judge when she made the rulings which Plaintiff now seeks to challenge. As a result, the proper remedy for Plaintiff was to file a direct appeal to the Fourth Circuit. Because Plaintiff did not pursue such an appeal, and chose instead to file a private *Bivens* action, judicial immunity bars his suit. While Plaintiff disputes that the present action is a *Bivens* action, Plaintiff is suing Chief Judge Seymour in her official capacity as a federal official for an alleged violation of federal constitutional rights, and as such, the action is a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] The Magistrate also notes that Plaintiff has been specifically advised of the doctrine of judicial immunity.

Plaintiff has timely filed objections to the R&R (ECF No. 17). In his objections, Plaintiff argues that he is suing for prospective injunctive relief, and he relies on *Pulliam v. Allen*, 466 U.S. 522 (1984) for the proposition that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Id.*

---

[1] A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law as required by that section. As a result, in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution against federal officials for alleged violations of federal constitutional rights.

at 541–42. As a result, he argues that his case fits within an exception to the doctrine of judicial immunity.

Congress, however, abrogated the holding in *Pulliam v. Allen* when it enacted the Federal Courts Improvement Act (FICA). Section 309(c) of FICA[2] amended 42 U.S.C. § 1983, which now provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

42. U.S.C. § 1983 (2006) (emphasis added). As a result, judicial immunity now extends to include actions—such as the present one—that seek prospective injunctive relief.[3] Courts have recognized this extension as well. *See Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006); *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); *Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 WL 3052608 (D.S.C. Sept. 23, 2009). Accordingly, Plaintiff's reliance on *Pulliam v. Allen* is misplaced.

Finally, while declaratory relief may be available in some cases, this is not such a case. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past

---

[2] *See* FICA, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847 (1996).
[3] Although the present action is a *Bivens* action, a *Bivens* action is analogous to a claim under 42 U.S.C. § 1983. The law developed under the two doctrines applies equally to the two types of cases, regardless of whether the action is a *Bivens* action or a § 1983 action. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999).

act." *Lawrence*, 271 F. App'x at 766. In other words, "[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued." *See Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010). Although Plaintiff cites the declaratory judgment statute, *see* 28 U.S.C. 2201, his Complaint does not anticipate future conduct but rather seeks a remedy for alleged wrongs that occurred during his previous cases before Chief Judge Seymour. As a result, this action is not a proper one for declaratory relief, and as outlined above, this action falls squarely within the category of cases barred by judicial immunity. Accordingly, Plaintiff's objections to the R&R are hereby overruled.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference. Accordingly, the Complaint is dismissed with prejudice.

The court also finds that the Complaint in this case constitutes a strike for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The Complaint fails to state any claim upon which relief may be granted against an immune defendant, and is therefore frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, a Complaint that

6

is deemed frivolous pursuant to 28 U.S.C. § 1915A(b)(1) is a strike for purposes of 28 U.S.C. § 1915(g)). *See McLean v. United States*, 566 F.3d 391, 396–97 (4th Cir. 2009).

    IT IS SO ORDERED.

April 4, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

7