IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Unula Boo Shawn Abebe, | ) | C/A: 3:12-377-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Margaret B. Seymour, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Following this court's adoption of the Magistrate Judge's Report and Recommendation, the plaintiff has returned to this court with a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to have the court alter or amend its judgment dismissing the complaint in this action. Plaintiff has also filed a motion seeking to have this court recuse itself from further proceedings in this case. Both motions are denied.

Plaintiff's motion to alter or amend is simply a motion seeking to have the court reconsider its earlier decision. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)

1

(emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court — the motion is basically an attempt to reargue issues already fully briefed and decided by this court. The court understands that the plaintiff may disagree with this court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to reconsider (ECF No. 25) is denied.

Plaintiff's motion to have this court disqualify or recuse itself is premised upon the fact that the undersigned judge serves on the same court as the defendant in this case, Chief United States District Judge Margaret B. Seymour. The court finds this an insufficient basis for recusal from this action. The claims asserted in the plaintiff's complaint are clearly barred by the doctrine of judicial immunity, and no good purpose would be served by having this case referred to another judge in this district, who is also a colleague of the defendant.

Accordingly, the plaintiff's motion for recusal (ECF No. 26) is denied.

IT IS SO ORDERED.

April 12, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge